## 25722. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* SMITH *et al.*

DECIDED SEPTEMBER 28, 1936.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Blair & Gardner, George D. Anderson,* contra.

JENKINS, P. J. In *American Mutual Liability Insurance Co. v. Herring,* supra, it was held, that, although the night watchman in that case was shot "by some person whose only motive was to commit a robbery upon him," the industrial commission was "authorized to find that the claimant was shot and injured while performing his regular duties as a lone night watchman at the manufacturing plant of his employer; . . that, owing to the nature of his employment, he was subjected to special danger from persons inclined to such violence;" and that the injury was "one arising out of the employment, within the purview of the compensation act." In the instant case the employer and its insurance carrier contend that the Department of Industrial Relations failed to make any specific finding as to the facts, but merely made the legal conclusion that "there have been a number of cases in which night watchmen have been killed, and the courts invariably hold that the injuries from which they died are compensable." However, this language, after a statement of the evidence, was immediately followed by an express finding, that, "from the undisputed testimony, the deceased . . lost his life while in the discharge of his duties as a watchman, and that the killing arose out of and in the course of employment." In the opinion in the *Herring* case it was said that "the evidence warranted also a finding that owing to the location of the plant, together with the nocturnal and solitary nature of the employment, the employee was subjected to special danger from persons inclined to robbery or other violence, and thus that the particular injury arose out of the employment." Although in the instant case there was some testimony tending to indicate a slight partial police protection of

the manufacturing plant where the deceased was the night watchman, that the president of the employer corporation slept within about 100 feet of the entrance of the tunnel where the deceased was struck by a timber and killed by the intruder, and that a fireman was also in a boiler-room some 210 feet distant, the evidence was equally as strong as that in the *Herring* case in fully warranting a finding that the employment was solitary, that there was no adequate protection of the deceased, and that in making his solitary rounds over the large manufacturing plant, and at the exposed tunnel where he was killed, the deceased was "subjected to special danger from persons inclined to such violence" as was committed, and therefore in authorizing the inference and finding that death arose "out of" the employment.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*